IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## APRIL TERM, 1794.

[209]                    HUGHES v. HUGHES.

When a cause is removed by *habeas corpus*, the plaintiff in order to prevent delay, may rule defendant to put in bail in twenty days, or sitting the court, and at the same time take a rule to plead.

This cause had been brought up from the Common Pleas by *habeas corpus* and after the return of the writ.

*Giles*, for the plaintiff, stating that defendant had not filed bail, moved for leave to proceed against him as in custody, or to file common bail for him, and proceed. He alleged that the cause had been removed solely with a view to delay, and would be discontinued if the defendant found that he could be compelled to proceed in this court.

*Aa. Ogden*, *R. Stockton*, and *Griffith*, observed that this had been the practice and insisted it was the only course that could be pursued which would not be productive of the very delay which defendant desired.

Covenhoven v. Executors of Covenhoven.

The court, after taking time to consider the motion, were of opinion that it must be refused, as there was no precedent to warrant it. They said the uniform course to prevent delay had been to rule the defendant to put in bail in twenty days, [210] or sitting the court, and that a rule to plead might be had at the same time to prevent the loss of a trial.

Motion refused. (a)

(a) See 1 *Tidd's Pr.* 343; 2 *Sellon's Pr.* 271.